IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:20-cv-00244 |
| BARBARA ASHMORE, ELLEN BLUMENTHAL, and SAMUEL TOPEK, | § § § § | |
| Defendants. | § § | |

## COMPLAINT IN INTERPLEADER

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") complains of Defendants Barbara Ashmore ("Ashmore"), Ellen Blumenthal ("Blumenthal"), and Samuel Topek ("Topek") and states:

## PARTIES

1. **Genworth.** Genworth is a Virginia corporation with its principal office and place of business located in Lynchburg, Virginia.

2. **Ashmore.** Margaret is, upon information and belief, a citizen of Texas who may be served at 4701 Reunion Drive, Plano, Texas 75024, or wherever she may be found.

3. **Blumenthal.** Blumenthal is, upon information and belief, a citizen of Texas who may be served at 13517 Queen Johanna Court, Corpus Christi, Texas 78418, or wherever she may be found.

4. **Topek.** Topek is, upon information and belief, a citizen of Texas who may be served at 1600 Augusta Drive, #341, Houston, Texas 77057, or wherever he may be found.

## JURISDICTION AND VENUE

5. **Jurisdiction.** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 2201.  This is an interpleader action to deposit life insurance proceeds into the Court's registry and obtain a declaration of the party or parties entitled to receive those proceeds.  Genworth is a citizen of Virginia, Ashmore, Blumenthal, and Topek (collectively, "Defendants") are citizens of Texas, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. **Venue.**  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), as Ashmore resides here.

## OPERATIVE FACTS

7. **The Policy.**  In August 1987, Carol F. Topek (the "Insured") applied to Genworth's predecessor-in-interest, The Life Insurance Company of Virginia ("LOV"), for an insurance policy on her life.[1]  At the time, the Insured was married to Topek, but since the application did not inquire about her marital status, Genworth was not aware of their marriage.  On the application, the Insured designated Ashmore and Blumenthal (collectively, the "Daughters"), who were her children from a prior marriage, as the 50/50 primary beneficiaries and did not designate any contingent beneficiaries.  Genworth subsequently issued and delivered its Single Premium Whole Life Insurance Policy no. 02189996 (the "Policy"), which had an initial amount of insurance of $152,614.00, to the Insured.

8. **The Insured's death.**  On December 17, 2019, Genworth received notice that the Insured had died, and it sent claim packets to the Daughters for completion.  The following month, Genworth received the Daughters' claim forms and a copy of the Insured's Certificate of Death,

---

[1] All subsequent references herein to Genworth include LOV.

which stated that she died on December 15, 2019.  At the time of the Insured's death, the proceeds payable under the Policy, when the outstanding loan balance of $441,812.67 was taken into account, totaled $162,745.39.

9. **The competing claims.**  The Certificate of Death indicated that the Insured was divorced, which raised the possibility that her former spouse may have had some sort of community-property interest in either the Policy proceeds or the premiums that were paid for it. Genworth thus asked the Daughters for a copy of the divorce decree, as if the divorce predated the application, then Genworth could pay the Daughters, but if it did not, it needed to assess Topek's potential community-property interest.  One of the Daughters sent Genworth a copy of the Final Decree of Divorce (the "Decree"), which was filed on September 9, 2013, and did not include either a provision addressing the Policy or a residual provision disposing of any unaddressed property.  Genworth thus sent Topek a form whereby he could release whatever community-property interest he may have had in the Policy, but in a telephone call on February 6, 2020, he stated that he would not be signing a waiver and wanted to receive his share of the Policy proceeds.

10. **The need for interpleader relief.**  Genworth has now paid 50% of the Policy proceeds, in equal shares, to the Daughters.  Under the circumstances, however, Genworth cannot pay the other 50% of such proceeds, which total $82,160.77 when interest through March 25, 2020, is taken into account (collectively, the "Disputed Proceeds"), to any of Defendants without incurring possible multiple liability.  Genworth is a disinterested stakeholder which claims no interest in the Disputed Proceeds, except for its attorney's fees and court costs.

## CAUSES OF ACTION

11. **Interpleader.**  Genworth requests the Court to accept the Disputed Proceeds into its registry and require Defendants, or third parties presently unknown, to interplead their claims

to such proceeds. Contemporaneously with the filing of this Complaint, Genworth has sought leave to deposit the Disputed Proceeds, together with interest thereon, into the Court's registry. Genworth also requests the Court to discharge Genworth from all liability to Defendants or any other person with respect to the Policy and the proceeds thereunder.

12. **Declaratory judgment.** Genworth further requests the Court to adjudicate whether Defendants or third parties presently unknown are entitled to payment of all or part of the Disputed Proceeds and to thereafter award such proceeds to the party or parties legally entitled to receive them. Genworth also requests the Court to discharge Genworth from all liability to Defendants or any other person with respect to the Policy and the proceeds thereunder.

13. **Attorney's fees.** Genworth has retained the services of the undersigned attorneys to prosecute this action. Accordingly, Genworth seeks recovery of all of its reasonable attorney's fees and court costs incurred in this action from the interpled funds.

## REQUEST FOR RELIEF

14. **Prayer.** Genworth respectfully requests the following relief:

(a) That Defendants be served with Summons and this Complaint and required to answer in the time and manner prescribed by law;

(b) That the Court accept the Disputed Proceeds into its registry and thereafter deposit such proceeds into an interest-bearing account, pending further order of the Court;

(c) That the Court enter an order discharging Genworth from all liability to Defendants or anyone else with respect to the Policy and the proceeds thereunder and dismissing Genworth with prejudice;

(d) That the Court award Genworth its reasonable attorney's fees and court costs, to be paid from the interpled funds;

(e) That the Court require Defendants and all other interested parties to interplead their claims to the Disputed Proceeds and, on final trial, award such proceeds to the party or parties rightfully and legally entitled to receive them; and

(f) That Genworth have all such other and further relief, both general and special, at

law and at equity, to which it may show itself justly entitled.

          Respectfully submitted,

        By: /s/ Andrew C. Whitaker
           Andrew C. Whitaker
           State Bar No. 21273600
           andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY