IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:20-cv-00244 |
| BARBARA ASHMORE, ELLEN BLUMENTHAL, and SAMUEL TOPEK, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S MOTION TO
DEPOSIT FUNDS INTO THE COURT'S REGISTRY**

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") files this motion to deposit funds into the Court's registry and states:

### I.     NATURE OF THE ACTION

This is an interpleader action to deposit life insurance proceeds into the Court's registry and obtain a declaration of the party or parties entitled to receive those proceeds. Genworth's predecessor-in-interest, the Life Insurance Company of Virginia, issued its Single Premium Whole Life Insurance Policy no. 02189996 (the "Policy") on the life of Carol F. Topek (the "Insured"), which had an initial amount of insurance of $152,614.00. The Insured died on December 15, 2019, and Genworth has now paid 50% of the Policy proceeds, in equal shares, to Defendants Barbara Ashmore and Ellen Blumenthal, who were the designated beneficiaries. Genworth has been unable to pay the other 50% of the Policy proceeds (the "Disputed Proceeds"), which total $82,160.77 when interest through March 25, 2020, is taken into account, in light of questions regarding whether and to what extent Defendant Samuel Topek has a community-property interest in either the Policy proceeds or the premiums that were paid for it.

## II.     GROUNDS FOR DEPOSIT

Genworth is presently unable to pay the Disputed Proceeds to Defendants or any other person without incurring possible multiple liability.  Genworth is a disinterested stakeholder which claims no interest in the Disputed Proceeds, except for its attorney's fees and court costs. Genworth admits liability to pay the Disputed Proceeds, but the failure to deposit such proceeds into the Court's registry may expose Genworth to multiple or inconsistent liabilities or preclude interpleader relief.

## III.     RELIEF REQUESTED

Genworth respectfully requests that the Court allow it to deposit the Disputed Proceeds, plus any applicable interest, into the Court's registry there to abide determination as to the party or parties entitled to recover them.

                                                  Respectfully submitted,

                                                  By:     /s/ Andrew C. Whitaker
                                                                Andrew C. Whitaker
                                                                State Bar No. 21273600
                                                                andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY

**PLAINTIFF'S MOTION TO DEPOSIT FUNDS INTO THE COURT'S REGISTRY** – Page 2